OPINION ON REHEARING

The appellees have correctly called our attention to factual mistakes contained in our previous opinion. While the mistakes do not change the result, and we otherwise deny rehearing, we issue this opinion to correct the mistakes.
We agree with appellants that the trial court erred in reinstituting a settlement agreement between the parties that the court had previously invalidated.
This appeal arises out of a claim alleging medical malpractice against the appellees. Appellants entered into a settlement agreement with appellees Victor Siegel, M.D. and Victor Siegel, M.D., P.A. (Dr. Siegel), on July 8,1993. Appellants had been assured by Dr. Randy Fox, a codefendant, prior to entering into the settlement agreement, that he did not contend or have information that Dr. Siegel had been negligent in his treatment of Alexandra McCabe. The next day appellants deposed Dr. Sweet, an expert witness for Dr. Fox and, contrary to Dr. Fox’s earlier statements, Dr. Sweet testified Dr. Siegel had been negligent in his care of Alexandra McCabe. Apparently, Dr. Fox and his counsel were aware of Dr. Sweet’s opinion when Dr. Fox’s prior representations were made to the appellants.
Appellants moved to have the settlement agreement set aside on the ground they were misinformed by Dr. Fox and his counsel regarding Dr. Siegel’s conduct, and that, but for this misinformation, they would not have contracted to settle their claim with Siegel. The trial court, after conducting an evidentia-ry hearing, agreed with appellants and entered an order invalidating the settlement agreement between the parties. Subsequently, appellants also moved to strike or limit Dr. Sweet’s testimony at trial based upon the same representations discussed above and the trial court granted the motion.
Dr. Siegel then filed a motion to reinstitute the settlement agreement, alleging the parties, by reason of the order limiting Dr. Sweet’s testimony, were now effectively in the same position they were in when they executed the original settlement agreement. By limiting Dr. Sweet’s testimony, Dr. Siegel asserted, the parties were in the same posi *572 tion as if the earlier representations by Dr. Fox had not been made at all. The trial court agreed and granted the motion to reinstate the settlement agreement.
We do not believe the voided settlement agreement could be resuscitated simply because the appellants subsequently sought additional relief. The trial court set aside the settlement agreement because it found there had been a critical representation that prevented the parties from having a true “meeting of the minds.” The court found the appellants would not have agreed to the settlement but for the critical representation. If that finding is sound, and it was left undisturbed by the trial court, there really was no valid agreement to resurrect.
The question of the entitlement to additional relief should be treated separate from the issue of whether a valid settlement agreement was reached. Once the agreement was found to be invalid, it could not be resurrected because the effects of the earlier misrepresentation could be ameliorated by other means.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ANSTEAD, HERSEY and POLEN, JJ., concur.